Note.—See under (1) 39 Cyc. p. 1093. (2) 38 Cyc. pp. 1778, 1779. (3) 39 Cyc. p. 1094 (Anno).

---

## SECURITY NAT. BANK et al. v. LYNCH.

No. 16377—Opinion Filed Feb. 23, 1926.

**Appeal and Error — Review—Law Action Tried to Court—Sufficiency of Evidence.**

In a law action tried to the court, the rule as to quantum of proof is the same as in a trial to a jury, and where, on a proceeding in error to this court, the only proposition relied on for reversal is insufficiency of the evidence to authorize the judgment, such judgment will be sustained where the record discloses evidence reasonably tending to support it.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1

Error from District Court, Comanche County; Frank Mathews, Assigned Judge.

Action by Charles S. Lynch against Security National Bank of Lawton and W. G. Black for breach of contract. Judgment for plaintiff against W. G. Black and fixing a lien on certain funds in the hands of Security National Bank, and defendants bring error. Affirmed.

Plaintiff commenced this action June 19, 1922, by filing his petition in the district court of Comanche county, wherein it was alleged in substance that the defendant

Black was manager of the Damascus Refining Company, located at Lawton. Desiring to obtain crude oil for use in the refinery, and the plaintiff being a producer in the Duncan field, the defendant Black and the plaintiff, Lynch, made a written contract, whereby plaintiff was to furnish defendant Black crude oil, and the Security National Bank became the depository for the sum of $10,000, deposited by Black and held for the use and benefit of plaintiff, to be paid out under the terms of the written contract between Black and plaintiff. The amended petition upon which the cause was tried contained two counts, both based upon the same cause of action, the only difference in the two counts being that by the first count liquidated damages were asked, as provided by the contract between plaintiff and Black, while the second count asked for such actual damages as the evidence authorized for breach of contract between plaintiff and defendant Black.

The answer of the defendants alleged a full settlement between the defendant bank and the plaintiff of any and all claims arising by virtue of the escrow agreement for the deposit and paying out of the $10,000, and as to the defendant Black, denied generally and specifically the allegations contained in the petition. Plaintiff replied to this answer. Upon the issues thus made the cause was tried to the court February 9, 1925, a jury having been waived by all parties, and the court made findings of fact in favor of the plaintiff as against the defendant W. G. Black, and in favor of the defendant Security National Bank, as against the plaintiff, upon the issue of compromise and settlement between them, and rendered judgment in favor of the plaintiff against the defendant Black for the sum of $1,962.08. The court further found that of the $10,000 deposited in escrow in the defendant bank, there remained and unexpended the sum of $1,962.08, and adjudged that plaintiff was entitled to a first lien upon said fund to satisfy his judgment against defendant Black, and directed that said fund be paid into court for the satisfaction of plaintiff's judgment. After unsuccessful motion for new trial, defendants have brought the case here by petition in error, with case-made attached, for review.

Parmenter & Parmenter, for plaintiffs in error.

Wm. G. Davisson, for defendant in error.

Opinion by LOGSDON, C. Aside from the alleged error of the trial court in overrul-

ing the motion of defendants for new trial, the only proposition urged for reversal of the case is stated as follows in the brief of defendants:

"The court erred in not rendering judgment in favor of the plaintiffs in error and each of them, and the evidence submitted and received upon the trial of said cause was wholly insufficient to justify or sustain a judgment in favor of the defendant in error and against the plaintiffs in error or either of them."

This proposition necessitates an abstract of the contract sued upon by plaintiff, and of the evidence offered to support the charge of a breach of said contract, and of the evidence upon the question of damages. The contract is too long to be copied in full, but its main features may be stated in substance thus: The defendant Black contracted with Charles S. Lynch to take three-fourths of all the oil run from a certain leasehold in the Duncan field for a period of six months from August 10, 1921, to February 10, 1922, for a price of 25 cents per barrel above the posted price in the Duncan field. It was provided that at any time during the life of said contract, if the gravity of the oil produced and delivered dropped below 36.5 degrees, Black should have the right to terminate the contract by giving 30 days' notice in writing. To guarantee the performance of the contract on his part, Black agreed and bound himself to deposit in the Security National Bank of Lawton the sum of $10,000, and in the event he failed to make payment at any time for any of the oil on the dates when payment for same was due, said bank was authorized to make payment of such amounts from the $10,000 deposit under the contract. It was further provided by the terms of the contract that the $10,000 so deposited by Black, or any portion thereof remaining unexpended under the terms of the contract, should be deemed and considered as liquidated damages agreed upon between the parties, in the event of a breach of such contract on the part of Black, and the bank was authorized on breach of the contract and on demand of Lynch to pay the same over to him. The bank in writing accepted this deposit and agreed to do and perform all the things required of it, as the depository of the fund under the terms of the contract between Black and Lynch.

It is disclosed by the evidence preserved in the record, that from August 10, 1921, until November 1, 1921, Black received the oil from the plaintiff under the terms of the contract, but that after November 1st, he ceased

to take any more oil, for the reason that the refining company which he represented failed, and he was unable to pay for it; that at the time of the breach of contract on the part of Black there were unpaid checks for oil runs held by Lynch, amounting to the sum of $4,196.50. It appears that the bank paid out approximately $3,800 of this $10,000 deposit for purposes other than paying oil runs due to Lynch. Thereafter, by a compromise and settlement between the bank and Lynch, the bank paid to Lynch out of said escrow deposit the amount of said checks, which had been issued by Black and which had not been paid for want of funds, and in this settlement between the bank and Lynch, Lynch agreed to exonerate said bank from any further personal liability; that after the breach of the contract by Black, and up to February 10, 1922, when the contract expired, the oil run from the leasehold which was covered by the contract amounted to 16,723.72 barrels; that plaintiff, Lynch, after the breach of the contract by Black, sold this oil which Black was to have taken for the posted price in the Duncan field, which was the best price obtainable therefor; that plaintiff has never received anything in satisfaction of his claim of 25 cents per barrel over the posted price in the field for this oil, and that at the date of the trial of this cause there still remained in the hands of the defendant bank of the original escrow deposit the sum of $1,962.08.

It is thus clear that under either count of plaintiff's amended petition, on which the case was tried, the evidence at the close of plaintiff's case was sufficient to withstand a demurrer thereto, which defendants interposed. It is not disclosed by the record upon which count of the petition the trial court based its judgment, whether on the first count for liquidated damages, or on the second count for actual damages. The written contract and the oral evidence in the case established clearly and definitely that the damage which plaintiff suffered by reason of the breach of the contract was the sum of 25 cents per barrel over and above the posted price in the Duncan field. It was therefore wholly immaterial what the posted price was in that field. Under the count for actual damages, the testimony clearly discloses that if the judgment of the trial court was based thereon, it was exceedingly moderate. If the judgment was based upon the first count of the petition for liquidated damages, the evidence discloses in support of the judgment that the contract was breached by the defendant Black, that he never attempted to terminate the same prior to the breach by

written notice, as provided in the contract, and that the actual damages suffered by the plaintiff were greatly in excess of the amount remaining in the $10,000 escrow deposit, which could be applied under the terms of the contract as liquidated damages. That the provision for liquidated damages in this case comes within the provisions of section 5069 of the Statutes, is established by the fact that at the date of the contract it was impracticable and extremely difficult to fix the actual damage which would result from a breach, owing to fluctuation in production recognized in the contract.

By the findings of the trial court it was determined that the amount of the $10,000 escrow deposit remaining in the hands of the defendant bank at the date of the trial was $1,962.08, and it was further found and determined that the indebtedness of Black to plaintiff, by reason of the breach of the contract, was the sum of $1,962.08. It would thus appear that the judgment of the trial court is based upon the first count of the petition for liquidated damages for breach of the contract. However, upon either count the judgment of the trial court is amply supported by the evidence, and since it is the established rule in this court that in a law action, where a jury is waived by both parties and the cause is tried to the court, the judgment of the trial court will not be disturbed where there is evidence reasonably tending to support the same, it follows that the judgment of the trial court in this cause should be and is hereby in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 876, 879 § 2853; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. 91; 5 R. C. L. Supp. p. 81.